Filed 6/21/21  P. v. Willis CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. MANUEL R. WILLIS, Defendant and Appellant. | B305321 (Los Angeles County Super. Ct. No. SA078622) |

APPEAL from an order of the Superior Court of Los Angeles County, Leslie E. Brown, Judge.  Dismissed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

## I. INTRODUCTION

Defendant and appellant Manuel Willis appeals from the trial court's order declining to exercise its discretion to resentence him by striking a five-year Penal Code section 667, subdivision (a)[1] enhancement from his 2012 judgment pursuant to Senate Bill No. 1393. He contends the trial court erred in denying his request to be present at the resentencing hearing and abused its discretion in failing to strike the enhancement. Because Senate Bill No. 1393 became effective after defendant's 2012 judgment became final and only applies to nonfinal judgments, the court was without jurisdiction to resentence defendant. Accordingly, we dismiss defendant's appeal.

## II. BACKGROUND

In 2012, a jury convicted defendant of three counts of second degree robbery. (§ 211; *People v. Willis* (Oct. 16, 2013, B245061) [nonpub. opn.].)[2] In a separate proceeding, the trial court found, among other things, that defendant had a prior serious or violent felony conviction. (§ 667, subd. (a); *People v. Willis, supra*, B245061.) The court sentenced defendant to 15 years in state prison, which sentence included a five-year term for the section 667, subdivision (a) finding. (*People v. Willis, supra*, B245061.) Defendant appealed from the judgment. On

---

[1]     All statutory references are to the Penal Code.

[2]     A prior panel of this division affirmed defendant's judgment in case number B245061. We take judicial notice of the opinion in that case.

October 16, 2013, a prior panel of this division affirmed defendant's judgment. On January 15, 2014, the California Supreme Court denied defendant's petition for review.

Senate Bill No. 1393 became effective on January 1, 2019. On October 4, 2019, the Secretary of the California Department of Corrections and Rehabilitation filed a letter in the trial court informing it of its new discretion to strike section 667, subdivision (a) enhancements and recommending that defendant's sentence be recalled and defendant be resentenced.

On February 4, 2020, the trial court held a hearing at which defense counsel stated that defendant "would need to be present for whatever it is ultimately that the court decides to do . . . ." At the continued February 28, 2020, hearing, defense counsel argued that defendant had a right to be present and to be heard. The court disagreed. After hearing argument, the court declined to strike the section 667, subdivision (a) enhancement.

## III.  DISCUSSION

Senate Bill No. 1393 amended section 667, subdivision (a)(1) and section 1385, subdivision (b) to permit trial courts to strike prior serious felony conviction enhancements in furtherance of justice. (*People v. Alexander* (2020) 45 Cal.App.5th 341, 343.) Senate Bill No. 1393 does not apply, however, to convictions that were final when the law became effective. (*People v. Alexander, supra,* 45 Cal.App.5th at pp. 343–347.) Because defendant's judgment became final in 2014—prior to Senate Bill No. 1393's January 1, 2019, effective date—Senate Bill No. 1393 does not apply to defendant's case. As the court was without jurisdiction to strike defendant's section 667,

subdivision (a) enhancement, we dismiss defendant's appeal. (*People v. Alexander, supra*, 45 Cal.App.5th at p. 344.)

## IV.  DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

MOOR, J.